Robert F. **FLIS**, Appellant,

v.

Municipal Judge Martin J. **MANSUR**, Appellee.

No. 71–1521.

United States Court of Appeals, Eighth Circuit.

Nov. 12, 1971.

Before VOGEL and BRIGHT, Circuit Judges.

PER CURIAM.

Appellant, Robert L. Flis, has appealed from a dismissal of an action which he brought in the United States District Court seeking injunctive and declaratory relief against the enforcement of an order issued by Judge Martin J. Mansur against Flis after the latter's conviction for nonsupport of his minor children in violation of Minn.Stat.Ann. § 609.375 (1963).[1] A motion for an injunction pending appeal under Fed.R.App.P. 8 (a) brings this matter to the attention of this Court. In this motion, Flis seeks to enjoin the appellee and others, not parties to the action, from "harrassing and interfering with appellant" pending this appeal.

We deny the motion. In connection with our consideration of this interlocutory motion we have examined the original files and records in this action. Upon giving this matter due consideration, we dismiss the appeal as frivolous and entirely without merit under the provisions of Rule 9 of this Court.[2]

Appellant's complaint attacks Judge Mansur's order on jurisdictional and constitutional grounds. In that order, Flis was sentenced to serve a term of ninety days in the county jail, but this sentence was suspended provided that the defendant make certain specified monthly payments to support his two minor children. Appellant has neither appealed from this Minnesota Municipal Court decision nor availed himself of any other remedy under state law. It is clear that his complaint contravenes the long-standing policy of federal courts not to interfere with states in the prosecution and enforcement of criminal statutes except in extraordinary circumstances. *See* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed. 2d 688 (1971).

We find it appropriate to invoke the provisions of Rule 9 in this case. This rule permits the expeditious disposition of unmeritorious appeals which may be lodged in this Court. Summary disposition saves judicial time as well as the time and resources of the parties.

---

1. That statute provides:

Non-support of wife or child

Subd. 1. Whoever is legally obligated and able to provide care and support to his wife who is in necessitous circumstances, or his child, whether or not its custody has been granted to another, and intentionally fails to do so is guilty of non-support of said wife or child, as the case may be, and upon conviction thereof may be sentenced to imprisonment for not more than 90 days or to payment of a fine of not more than $100; if failure to provide care and support to a minor child or a pregnant wife continues for a period in excess of 120 days such person is guilty of a felony and may be sentenced to imprisonment for not more than five years.

Subd. 2. Upon conviction, the court may provide by order for the care and support of such child or wife for a period not to exceed five years, require bond or other security to the state to secure performance thereof, and suspend sentence or execution thereof, conditioned upon compliance with such order.

Subd. 3. If, upon order to show cause duly made, the court finds that an order made pursuant to subdivision 2 has been violated, the suspension may be revoked and sentence imposed or executed, and the obligors of such bond or security shall become liable pursuant to the terms thereof, and, with leave of the court, the wife, or child, or any public agency which furnished care or support to such wife or child while such order for care and support was in force, may recover thereon. Laws 1963, c. 753.

In his complaint, Flis seeks relief declaring the statute violative of the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

2. 8th Cir. R. 9 (effective May 1, 1971) provides:

*Frivolous and Unmeritorious Appeals.*
If upon consideration of any interlocutory motion, or as a result of a review under Rule 6, it shall appear to the Court that the appeal is frivolous and entirely without merit, the appeal may be dismissed without the notice contemplated in Rule 8.